■ In the Matter of STATE FARM INSURANCE COMPANY, v KEVIN GRAVES et al., Respondents, CONTINENTAL INSURANCE COMPANY, Appellant, et al., Respondents. [637 NYS2d 796] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Continental Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated May 24, 1994, which granted the petition and permanently stayed arbitration.

Ordered that the order and judgment is reversed, on the law,

with costs, the petition is denied, and the proceeding is dismissed.

The petitioner State Farm Insurance Company (hereinafter State Farm) was the insurer of Kevin Graves at a time when he was involved in a motor vehicle accident with a car owned by Mohammed Quymm. Graves filed an uninsured motorist claim against State Farm after he learned that Quymm's insurer, the appellant Continental Insurance Company (hereinafter Continental), had cancelled Quymm's policy prior to the accident for nonpayment of premium. Quymm's policy had been issued pursuant to the New York Automobile Insurance Plan (hereinafter the Plan) for assigned risk coverage. The Plan was promulgated by the Superintendent of Insurance pursuant to Insurance Law § 5301. State Farm, arguing that Continental's cancellation of Quymm's policy was ineffective under the Plan, commenced this proceeding for a permanent stay of arbitration. We now reverse the granting of State Farm's petition.

Pursuant to New York Automobile Insurance Plan § 18 (3):

"Cancellation by an insurer *except for non-payment of premium* shall be on a pro rata basis, subject to a minimum premium * * * charge per policy as indicated below, whichever is greater. A copy of each such cancellation notice shall be furnished to the producer of record. A statement of facts for each such cancellation shall be furnished to the producer of record and to the insured at least twenty days prior to the effective date of cancellation. The cancellation notice shall include the following:

*"If an appeal of cancellation is going to be made to the Insurance Department, a copy of this cancellation notice should accompany the appeal.*

"Cancellation by an insurer for non-payment of premium shall be on a pro rata basis, subject to a minimum premium * * * charge per policy as indicated below, whichever is greater. A copy of each such notice of cancellation for non-payment of premium shall be furnished to the producer of record" (emphasis supplied).

The sole issue on appeal is whether the highlighted portion of New York Automobile Insurance Plan § 18 (3) should be interpreted to require that the statement, "If an appeal of cancellation is going to be made to the Insurance Department, a copy of this cancellation notice must accompany the appeal", be included in every notice of cancellation under the Plan (the position of State Farm), or solely in those notices when the cancellation is for reasons other than nonpayment of premium

(the position of Continental). Here, a plain reading of the Plan reveals that the Superintendent of Insurance intended to distinguish between notices of cancellation for nonpayment of premium and notices of cancellation for other reasons, and that the statement at issue is mandated only in those notices of cancellation issued for reasons other than nonpayment of premium (cf., Matter of Daniel C., 99 AD2d 35, affd 63 NY2d 927). Accordingly, the omission of the statement from Continental's notice of cancellation to Quymm for nonpayment of premium did not render the cancellation ineffective pursuant to New York Automobile Insurance Plan § 18 (3). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.